

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2007

# Robinson v. Lockheed Martin Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1704

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Robinson v. Lockheed Martin Corp" (2007). *2007 Decisions.* Paper 1802.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1802

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1704
_____

MARK ROBINSON,

Appellant

v.

LOCKHEED MARTIN CORPORATION

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-3143)
District Judge: Honorable Ronald L. Buckwalter

_____
Submitted Under Third Circuit LAR 34.1(a)
**DECEMBER 26, 2006**

Before:  SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: January 8, 2007 )
_____

OPINION
_____

PER CURIAM

        This is an appeal from the District Court's grant of summary judgment in

favor of Lockheed Martin Corporation ("Lockheed Martin") on Mark Robinson's claims

that Lockheed Martin terminated his employment in violation of the Americans With

Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.[1] We will affirm.

I.

Lockheed Martin employed Robinson for computer desktop support. His service began in 1984. In March 2000, Robinson suffered a seizure at work and was transferred to a hospital. While at the hospital, Robinson suffered a second seizure. He was out of work on approved disability leave for approximately four weeks. Robinson was subsequently diagnosed with a "seizure disorder."

Robinson returned to work on or about April 25, 2000. On that date, Robinson's supervisor, Brad Altemose, purportedly berated Robinson because he was not pulling his own weight in the group. Subsequently, two months later, Robinson's annual performance review by Altemose indicated that Robinson "needs improvement."[2]

In January 2002, Robinson met with his subsequent supervisor, George Murphy, and a human resources representative, Larry Fleisher. The purpose of this meeting was to put Robinson on a Performance Improvement Plan ("PIP"). At this meeting, Robinson questioned Murphy and Fleisher about whether his medical condition was taken into account. Robinson was not put on a PIP. Robinson submitted a letter

---

[1] Robinson's complaint also included a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. However, Robinson withdrew this claim in the District Court.

[2] Robinson's previous performance reviews ranged from excellent (1990-92), to satisfactory (1992-94, 1997-99, 2000-01) to needs improvement (1994-97, 1999-2000).

2

from his doctor stating that he should work in a stress-free work environment. Lockheed Martin's medical director's attempts to follow up with Robinson's doctor through Robinson were unsuccessful.

At or around the time of the January 12, 2002 meeting, Robinson had a conversation with Murphy. Murphy suggested to Robinson that "he needed to file for an FMLA so that when he felt he couldn't come to work because of this documented condition, he would charge that and not '[absent].'"

Accordingly, Robinson submitted forms to begin the process of seeking leave. Before Robinson had the opportunity for leave, he was terminated from employment along with three other co-workers. Lockheed Martin submits that these firings were the result of budgetary cutbacks and that it applied neutral criteria in determining which employees were terminated.

Robinson filed this complaint in July 2004. After the close of discovery, Lockheed Martin successfully moved for summary judgment. Robinson timely filed a notice of appeal.

II.

We review the grant of summary judgment de novo. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana

v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001); Fed. R. Civ. P. 56(c).

III.

Claims pursuant to the ADA are analyzed under the burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).[3]  See Newman v. GHS Osteopathic, Inc., Parkway Hosp. Div., 60 F.3d 153, 157 (3d Cir. 1995).  In order to make out the prima facie case under the ADA, a plaintiff must show that he (1) has a "disability;" (2) is a "qualified individual;" and (3) has suffered an adverse employment action because of that disability.  See Buskirk v. Apollo Metals, 307 F.3d 160, 166 (3d Cir. 2002) (citing Gaul v. Lucent Techs. Inc., 134 F.3d 576, 580 (3d Cir. 1998)).  To establish that he has a "disability," Robinson must show that: (1) he has a physical or mental impairment that substantially limits one or more major life activities; (2) he has a record of such impairment; or (3) he was "regarded as" having such an impairment by Lockheed Martin.  See Marinelli v. City of Erie, Pa., 216 F.3d 354, 359 (3d Cir. 2000) (citation omitted).  Robinson argues that he has a disability because his "seizure disorder" substantially limits at least one major life activity and/or that he was "regarded as" having such an impairment by Lockheed Martin.

A.

Under the first definition of "disability," Robinson must show that his

---

[3] Claims under the PHRA are similarly analyzed.  See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

impairment significantly limits one or more major life activities. See id. at 361. Major life activities are those functions "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i). Furthermore, a person is substantially limited in a major life activity when he is either: (1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition in which he can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. See id. § 1630.2(j)(1)(i)-(ii). Only extremely limiting disabilities, either in the short-term or the long-term, qualify for protected status under the ADA. See Marinelli, 216 F.3d at 362.

In the complaint, Robinson asserted that his "seizure disorder" substantially limits various major life activities, including traveling, eating and caring for himself. More specifically, Robinson presented evidence that the following major life activities were substantially limited due to his "seizure disorder": (1) sporting activities, such as water skiing, scuba diving and cycling; (2) cooking; (3) tub baths; (4) driving; (5) stress; (6) heights; and (7) social issues. Upon reviewing the record, we agree with the District Court that Robinson fails to show a material issue of fact with respect to having a major life activity substantially limited due to his "seizure disorder."

Regarding sporting activities, Robinson stated that his "seizure disorder"

5

did not stop him from engaging in the sports he frequently participated in (bicycle riding and scuba diving). Next, Robinson stated that his "seizure disorder" did not substantially change his cooking habits. Before being diagnosed as having a "seizure disorder," Robinson would usually heat up frozen foods in the microwave or order fast food. His "seizure disorder" did not substantially limit this ability. Robinson's ability to bathe was also not substantially limited by his "seizure disorder" because he testified that his ability to shower was not affected.[4] Additionally, with respect to any impairment the "seizure disorder" had on Robinson's ability to drive, we note that his license was reinstated in October 2000. Furthermore, driving is not a major life activity. See Chenoweth v. Hillsborough County, 250 F.3d 1328, 1329-30 (11th Cir. 2001); see also Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 643 (2d Cir. 1998). Also, for the reasons stated by the District Court, we agree that Robinson failed to show a material issue of fact of having a disability based upon his doctor's advice that he avoid stress and heights. See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 200 (2002) (stating that a plaintiff must show an inability to work in a broad range of jobs rather than just a specific job if the alleged major life activity substantially limited is working). Robinson presented no evidence to show that "social issues" were substantially limited due to his "seizure disorder." Therefore, Robinson fails to create a material issue of fact with respect to this

---

[4] Robinson also testified that before his "seizure disorder" diagnosis, he would normally take a tub bath two to three times a year.

6

definition of disability.

B.

As previously noted, Robinson also argues that he has a disability because he was "regarded as" having a disability by Lockheed Martin. In support of his argument that he was "regarded as" disabled, Robinson asserts three main points: (1) his supervisors at Lockheed Martin were aware of his "seizure disorder"; (2) he was previously awarded short-term disability leave by Lockheed Martin when he suffered his first seizure in March 2000; and (3) Murphy suggested that he apply for FMLA leave.[5]

"A person is 'regarded as' having a disability if [he]: (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment." See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002)(citation omitted). The analysis under this definition focuses not on Robinson and his actual abilities, "but rather on the reactions and perceptions of the persons interacting or working with him." Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996)(citation omitted). Furthermore, "to be covered under the

---

[5] Robinson did not assert a FMLA claim or a claim of retaliation for seeking FMLA leave.

7

'regarded as' prong of the ADA[,] the employer must regard the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled." Rinehimer, 292 F.3d at 381(citations and quotations omitted).

To prevail, Robinson must establish that Lockheed Martin believed he was limited in his ability to work in "either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999)(quoting 29 C.F.R. § 1630.2(j)(3)(i)). Therefore, "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job." See Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999).

Reviewing the record in the light most favorable to Robinson, the evidence is insufficient to show that Lockheed Martin regarded him "as precluded from more than a particular job." See id. First, the parties dispute the amount of knowledge Robinson's supervisors had regarding his "seizure disorder." However, even when viewed in the light most favorable to Robinson, this evidence does not create a material issue of fact that Robinson was "regarded as" having a disability due to his "seizure disorder." Indeed, "the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action." See Kelly, 94 F.3d at 109. With

8

respect to Robinson's second point, we note that he was allowed to return to the same position by Lockheed Martin that he occupied before his four-week leave in April 2000. Thus, it follows that this evidence does not create a material issue of fact such that Lockheed Martin regarded Robinson "as precluded from more than a particular job." See Murphy, 527 U.S. at 523. Finally, with respect to Robinson's third argument, Murphy's statement that Robinson should apply for FMLA leave does not create a material issue of fact that Robinson was "regarded as" significantly restricted his ability to work.[6] See e.g., Vincent v. Wells Fargo Guard Servs., Inc. of Fla., 3 F. Supp. 2d 1405, 1420 (S.D. Fla. 1998) (noting that "disability" under the ADA and "serious health condition" under the FMLA are different concepts that must be analyzed separately and that the leave portions of the FMLA are distinct from the reasonable accommodations obligations under the ADA)(citations omitted); see also 29 C.F.R. § 825.702(b). Thus, Robinson fails to create a material issue of fact that he was "regarded as" disabled by Lockheed Martin.

IV.

We have considered all of the arguments and agree with the District Court that Robinson failed to create a material issue of fact regarding whether he established a prima facie case. Because Robinson did not establish a prima facie case, it is unnecessary

---

[6] The District Court found that Pritchard v. Southern Co. Servs., 92 F.3d 1130 (11th Cir. 1996), is distinguishable with respect to Robinson's claim that he was "regarded as" disabled by Lockheed Martin. We agree. First, as previously noted, Robinson returned to work after his four-week leave in 2000 to the same job. Additionally, Robinson was not placed on disability leave after Murphy suggested he apply for FMLA leave.

9

to analyze the District Court's additional findings that Lockheed Martin stated a legitimate non-discriminatory reason for Robinson's dismissal and that Robinson failed to show that his termination was pretextual. Accordingly, we will affirm the District Court's grant of summary judgment in favor of Lockheed Martin.